UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRAD ORTEGO** | : | **CIVIL ACTION NO. 2:23-CV-01334** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LYONDELLBASELL INC., ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand filed by plaintiff Brad Ortego. Doc. 9. The motion is opposed by defendant Equistar Chemicals, LP. Doc. 15. The time for reply has passed with none being filed, making this motion ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED.**

### I.
#### BACKGROUND

This case arises from retaliation and defamation plaintiff allegedly suffered after he reported a discrepancy in the issuance of overtime hours at Equistar Chemicals, LP. Doc. 1, att. 2. *See id.* at p. 5, ¶ 2 (amending the petition to replace any mention of Lyondellbasell, Inc. with Equistar Chemicals, LP).

#### A. *Factual Allegations*

Plaintiff alleges defendants knew or reasonably should have known about and/or directly participated in his wrongful termination and defamation. Doc. 1, att. 2, p. 6, ¶ 2. Plaintiff claims

that while an employee of Equistar, he notified his direct supervisor of a discrepancy in the issuance of overtime hours at Equistar. *Id.* at p. 9, ¶ 4. Nothing was done to remedy the issue, so plaintiff notified Equistar's ethics department. *Id.* at p. 9, ¶ 4. The ethics department investigated and found no ethical issues. *Id.* at ¶ 5.

Defendant Andy Lanier began "blaming" plaintiff for reporting the overtime issue to the ethics department and to human resources. *Id.* Plaintiff then asserts the retaliation "went further"[1] when human resources told him he was being investigated for sleeping on the job. *Id.* at ¶ 6. Equistar subsequently fired plaintiff for sleeping on the job even though it allegedly permitted employees to rest. *Id.* Plaintiff therefore concludes the true reason for his termination was reporting the overtime hours issue. *Id.*

Plaintiff further claims Equistar defamed him by making false statements to his current employer. *Id.* a p. 9, ¶ 7. Based on these allegations, plaintiff asserts state-law claims for retaliation and defamation. *Id.* at ¶ 8. Plaintiff also states Equistar and the individual defendants are liable in solido for damages he sustained due to the alleged retaliation and defamation. *Id.* at p. 10, ¶ 9.

**B. Procedural Posture**

Plaintiff filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, seeking damages for retaliation and defamation. Doc. 1, att. 2, pp. 8–11. Named as defendants were Lyondellbasell, Inc. and its employees Tony Wood, Mark Mitchell, Zack Thompson, Jamie West, Andy Lanier, Luke Fontenot, and Tristan Hager (collectively, "the individual defendants"). Plaintiff amended the petition to replace Lyondellbasell, Inc. with Equistar Chemicals, LP. Doc. 1, att. 2, pp. 5–7. Defendant Equistar later removed the matter to this court pursuant to 28 U.S.C. §§ 1441, 1331, and 1332. Doc. 1, ¶ 1. Equistar posited the retaliation claim in the petition fell

---

[1] The wording of this allegation seems to imply that the "blame" plaintiff received from defendant Lanier was a form of retaliation.

under the Fair Labor Standards Act and therefore gave this court federal question jurisdiction over this case. *Id.* at ¶¶ 6–7. Equistar also asserted complete diversity exists between all properly joined parties, namely Equistar and plaintiff. *Id.* at ¶¶ 9–11. The individual defendants were not properly before the court, according to Equistar, because (1) none of them had been served at the time of removal, (2) all of them were sued in their capacities as employees of Equistar, and (3) they were improperly joined to defeat diversity. *Id.* at p. 4, fn. 1.

Plaintiff filed the Motion to Remand currently before the court, claiming Equistar did not meet its burden to prove the individual defendants were improperly joined. Doc. 9, att. 1, p. 5. Plaintiff also asserts he never intended for federal law to govern this matter. *Id.* at p. 8. In opposition, Equistar notes plaintiff has not established the citizenship of the individual defendants. Doc. 15, pp. 4–5. Equistar also argues the individual defendants' citizenships should be disregarded because they are nominal defendants. *Id.* at pp. 5–7. Additionally, Equistar claims plaintiff failed to state a claim against any of the individual defendants. *Id.* at pp. 7–10. Plaintiff did not file a reply.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The parties agree that the court does not have federal question jurisdiction over this matter, so the court must now determine whether diversity jurisdiction exists in this case. Doc. 9, att. 1, p. 2; doc. 15, p. 3. District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996). There is no dispute in this matter that the amount in controversy exceeds $75,000 or that plaintiff is diverse from Equistar.[2] Thus, the court's focus is whether plaintiff improperly joined the individual defendants to destroy this court's subject matter jurisdiction.[3]

### A. *Improper Joinder Standards*

When determining subject matter jurisdiction, a court may disregard a non-diverse party's citizenship if the party was improperly joined. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state

---

[2] Plaintiff is a citizen of Louisiana. Doc. 19. Equistar Chemicals, LP is a limited partnership, the partners of which are Equistar GP, LLC and Equistar LP, LLC. The sole member of Equistar GP, LLC is Equistar LP, LLC. Equistar LP, LLC's members at the time of removal were LYB Equistar Holdings LLC and Lyondell Chemical Company. Lyondell Chemical Company is also the sole member of LYB Equistar Holdings, LLC. Lyondell Chemical Company is incorporated in Delaware and has its principal place of business in Texas, making it a citizen of those two states for purposes of diversity jurisdiction. Doc. 1, ¶ 10; doc. 21. Thus, Equistar is a citizen of Delaware and Texas.
[3] The court notes plaintiff never alleged the citizenship of the individual defendants. In his motion to remand, plaintiff claims the individual defendants are all Louisiana residents, [doc. 9, ¶ 1] but, for diversity purposes, an individual's citizenship is determined by her domicile, and an allegation of residency, on its own, "does not satisfy the requirement of an allegation of citizenship." *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) and *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)). Though plaintiff has not properly alleged their citizenship, the parties have alleged the individual defendants' presence in this case destroys diversity. *See e.g.*, doc. 1, p. 4, fn. 1; doc. 9, att. 1, p. 2. Federal courts have "a continuing obligation to examine the basis for their jurisdiction," so the court will proceed to the improper joinder analysis to determine whether this matter is properly before the court, regardless of the individual defendants' citizenship. *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (citing Fed. R. Civ. P. 12(h)(3)).

court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).  The party seeking removal bears a "heavy" burden of proving the joinder was improper. *Id.* at 574.

Here, Equistar did not allege actual fraud. Thus, the only pertinent question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The possibility of liability must be "reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The removal statute, though, is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

To determine whether Equistar has demonstrated that plaintiff has "no possibility of recovery" against the individual defendants, the court will conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  When conducting a Rule 12(b)(6)-type analysis, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  To be clear, the court is not deciding the merits of this case but rather determining whether plaintiff presented sufficient factual matter to state a claim to relief against the individual defendants that is plausible on its face.

### B. Application

Plaintiff seeks to recover damages from the individual defendants and Equistar for defamation and retaliation. In order to prevail in a defamation action, a plaintiff must prove the following four elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009) (quoting *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 674 (La. 2006)). A plaintiff may recover for retaliation under Louisiana law if (1) the employer/defendant violated Louisiana law through a prohibited workplace practice; (2) the plaintiff advised the defendant of the violation; (3) the plaintiff threatened to disclose or disclosed the prohibited practice; and (4) the plaintiff was terminated as a result of her threat to disclose or because of the disclosure of the prohibited practice. *Herster v. Board of Supervisors of Louisiana State University*, 887 F.3d 177, 187 (5th Cir. 2018) (citing *Richard v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015)).

"[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). A plaintiff's inability to make specific factual allegations against a non-diverse defendant is enough to establish improper joinder. *Id.* at 699. The court notes plaintiff's factual allegations in the petition are accepted as true for purposes of this analysis. However, the court need not accept as true conclusory statements or "naked assertions devoid of further factual enhancement." *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162–63 (5th Cir. 2021)).

After reviewing the allegations of the original petition and the amended petition (collectively, "the petition"), the court finds no specific allegations against the individual

defendants. The only time these defendants are mentioned is when plaintiff makes a conclusory allegation that they all knew or should have known about and/or took part in his alleged wrongful termination and defamation. Doc. 1, att. 2, p. 6, ¶ 2. No facts were alleged in the petition to support this allegation. Plaintiff also claims defendant Andy Lanier blamed him for reporting the issue with the overtime hours to the ethics department and human resources, but this is the only factual allegation against defendant Lanier. This allegation, on its own, is not enough to support a claim for retaliation or defamation. All other factual allegations are about Equistar.

The Motion to Remand claims the individual defendants "breached a duty to plaintiff" by defaming him and retaliating against him. The motion continues that these defendants "took actions specifically against" plaintiff. Doc. 9, att. 1, p. 5. These vague allegations are barren of factual support and wholly conclusory. Plaintiff also claims the individual defendants and Equistar are solidarily liable to him for his damages. Doc. 1, att. 2, p. 10, ¶ 9. Again, the petition contains no factual support for this allegation. Accordingly, there is no reasonable basis for this court to predict plaintiff might be able to recover against any of the individual defendants.[4]

### III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand [Doc. 9] be **DENIED** and that non-diverse defendants **TONY WOOD**, **MARK MITCHELL**, **ZACK THOMPSON**, **JAMIE WEST**, **ANDY LANIER**, **LUKE FONTENOT**, and **TRISTAN HAGER** be dismissed from this action without prejudice.

---

[4] Additionally, the court notes the motion does not contest Equistar's claim in the Notice of Removal that plaintiff never served the original or amended petition on the individual defendants. Doc. 1, p. 4, n. 1. Based on the evidence in the record, the only defendant plaintiff attempted to serve was Equistar. Doc. 1, att. 2, pp. 1–3. Plaintiff's failure to serve any of the individual defendants does not support any inference that plaintiff intended to actively pursue claims against them. *Griggs*, 181 F.3d at 699.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of June, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE